UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTIONETTE BROWN,


                                    Plaintiff,

                                                            DECISION AND ORDER

                                                            06-CV-6272L


                    v.

DEPUTY SAJ, et al.,



                                    Defendants.
_____


## INTRODUCTION


Plaintiff Antoinette Brown, appearing *pro se*, commenced this action under 42 U.S.C. §

1983.  Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), alleges that her constitutional rights were violated in connection with an

altercation between her and another inmate at Albion Correctional Facility ("Albion").  Defendants,

who at all relevant times were employees of DOCS, have moved to dismiss plaintiff's claims

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has not responded to

the motion.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendants' Motion**

The Court of Appeals for the Second Circuit has held with respect to a motion for judgment on the pleadings pursuant to Rule 12(c) that "[w]here ... the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983). The court has also held that "[t]he same principle is applicable to a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss an action on the basis of the complaint alone." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The court stated in *McCall* that "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323. Accordingly, I will proceed to consider the sufficiency of the complaint, notwithstanding plaintiff's failure to respond to defendants' motion.

**II. Plaintiff's Claims**

The complaint alleges that on June 27, 2004, plaintiff was standing in line at the mess hall at Albion when another inmate, Erica Moore, approached her and told her that two other inmates were looking for plaintiff because of a recent altercation between plaintiff and another inmate. The conversation between plaintiff and Moore became heated, and they exchanged hostile words, and then punches.

A crowd began to gather. As plaintiff turned to look behind her, Moore stabbed plaintiff in the left ear with a pen. Defendant Correction Officer ("C.O.") Francisconi came over, broke up the

fight, and took plaintiff to the infirmary.  Plaintiff was treated for her ear wound and fractures in her hands (presumably from punching Moore).

On July 5, 2004, defendants Lt. McKeon, Sgt. Tschante, C.O. Tarra and another unidentified C.O. entered plaintiff's infirmary room.  McKeon "pointed his finger in [plaintiff's] face and began speaking aggressively," telling plaintiff that she and Moore were being transported the next day to Erie Medical Center ("EMC"), that they would be riding together in the same van, and that McKeon "did not want no bullshit" from plaintiff during the ride.  Tschante also told plaintiff, "Your [sic] going to keep your big mouth shut!"  The officers then left.

Plaintiff and Moore were taken to EMC the next day, apparently without incident.  Both plaintiff and Moore were shackled during the ride.

Plaintiff's claims are not articulated with great precision, but she appears to assert several factual bases for her claims.  On her form complaint, plaintiff circled "Failure to Protect" as the basis of her claim.  Complaint at 8.  In her factual allegations, plaintiff also states that "the administration failed to protect [plaintiff] and did a bogus investigation into the incident ... ." *Id.* at 12.

Plaintiff also alleges that "the penalty E. Moore received [fifteen days solitary confinement] was unfair," and that "they should have brought legal charges against E. Moore ... ." *Id.*[1]  Although nothing happened between plaintiff and Moore on the trip to EMC, plaintiff also alleges that they should not have been transported together in the same van, and that Moore "could have pushed [plaintiff] down and made [plaintiff] bust [her] chin if she really wanted to ... ." *Id.* at 14.

---

[1]It does not appear that plaintiff herself received any penalty as a result of this incident.

None of these allegations state a viable claim under § 1983. As to the failure-to-protect claim, the Supreme Court has stated that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment ... ." *Farmer v. Brennan*, 511 U.S. 825, 828 (1984). In order to demonstrate such deliberate indifference, it must be shown that the prison official had "knowledge that an inmate face[d] a substantial risk of serious harm and ... disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Plaintiff here makes no such allegations. Even construing the allegations of the complaint in her favor, plaintiff alleges only that a fight–which plaintiff does not allege that even she foresaw–broke out between her and another inmate in the prison mess hall, and that a guard immediately ran over and broke it up. Not one fact is alleged suggesting that any of the defendants should have anticipated or taken measures to prevent that altercation. Plaintiff also offers no explanation of what was "bogus" about defendants' investigation of the incident or of how she was harmed as a result of that investigation.

Plaintiff's contention that the penalty that Moore received for her role in this incident was inadequate also fails to state a claim. "The 'irreducible constitutional minimum of standing'" requires a showing of, *inter alia*, "a concrete harm suffered by the *plaintiff* that is actual or imminent ... ." *Doe v. National Bd. of Med. Examiners*, 199 F.3d 146, 152 (3d Cir. 1999) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (emphasis added). I fail to see how the alleged inadequacy of the punishment meted out to Moore caused any concrete harm to plaintiff.[2]

---

[2]I also note that plaintiff alleges that it was the local district attorney who decided not to bring criminal charges against Moore as a result of this incident. Complaint at 13.

The claim concerning plaintiff and Moore being taken in the same van to EMC likewise fails. An inmate alleging a constitutional violation must demonstrate that she suffered an *actual injury*. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  While an inmate under a *present* threat of imminent harm is not required to wait for a "tragic event" such as an actual assault before seeking relief, *Farmer*, 511 U.S. at 845, plaintiff's speculative allegation that Moore (despite being in restraints) "could have pushed [plaintiff] down and made [plaintiff] bust [her] chin if [Moore] really wanted to charge [at plaintiff]" during the ride to EMC simply fails to state a claim under § 1983.  *See Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996) (inmate "who was not assaulted by, and who is no longer at risk from, fellow inmates" had no cause of action for damages "based solely on prison officials' past failure to take measures to protect the prisoner from inmates known to pose a danger"); *accord Abuhouran v. Acker*, No. Civ.A.04-2265, 2005 WL 1532496, at *8 (E.D.Pa. June 29, 2005) ("Not only does plaintiff *not* allege that he was actually physically harmed as a result of any of defendants' actions, he does not offer facts sufficient to support an inference that the risk of harm to which any defendant exposed him was serious or pervasive").

It is not clear if plaintiff intends to assert a claim based on McKeon's and Tschante's "aggressive" speech toward her on July 5, 2004, but that allegation also fails to state a claim in any event.  In the absence of some constitutionally impermissible motive, such as retaliation for the exercise of one's constitutional rights, prison officials' verbal abuse alone does not give rise to a constitutional claim.  *See, e.g., Amaker v. Foley*, No. 94-CV-0843, 2003 WL 21383010, at *4 (W.D.N.Y. 2003) ("without more, [inmate's] allegations of verbal threats, abusive language and racial epithets cannot form the basis of a section 1983 claim"), *aff'd*, 2005 WL 78798 (2d Cir. 2005); *Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) ("mere allegations of verbal abuse do not

rise to the level of a constitutional violation, and are not cognizable under 42 U.S.C. § 1983"). McKeon's and Tschante's statements appear to have been no more than warnings that they did not want any trouble between plaintiff and Moore during the trip to and from EMC, which was hardly unreasonable given plaintiff's and Moore's recent history.  Regardless of why McKeon and Tschante made the alleged statements, however, those statements alone cannot amount to a constitutional violation.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #9) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         April 5, 2007.